THE STATE v. C. F. PHARIS and THOMAS H. PHARIS, *Appellants.*

Division Two, February 1, 1898.

No Bill of Exceptions: RECORD: JUDGMENT. Where there is no bill of exceptions, and no error apparent in the record proper, the judgment will be affirmed on appeal.

*Appeal from Bates Circuit Court.*—HON. WILLIAM PAGE, Special Judge.

AFFIRMED.

*W. O. Jackson* for appellants.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendants failed to perfect and file their bill of exceptions in this case. We therefore have nothing before us except the record proper. (2) The indictment is drawn in the language of the statutes as near as practicable and is sufficient. It is based upon section 3489 and contains all the essential allegations therein required. *State v. Chumley*, 67 Mo. 41; *State v. Clayton*, 100 Mo. 520; *State v. Prosser*, 137 Mo. 624. (3) Although defendant was indicted under the provisions of section 3489, Revised Statutes of Missouri, 1889, with intent to kill, yet no error can be attributed to the insufficiency of the verdict. It is warranted under provisions of section 3950, Revised Statutes 1889. It is therefore submitted that as the record upon its face appears regular, and without fault, the judgment of the lower court should be affirmed.

BURGESS, J.—The defendants were indicted in the circuit court of Bates county for felonious assault upon one A. S. Milhorn, the indictment charging the assault to have been committed by Charles F. Pharis with a large scale weight, of the weight of two pounds, which was then and there a deadly weapon, and that his codefendant Thomas H. Pharis was then and there present aiding and abetting in said assault. Defendants were found guilty by a jury, and their punishment fixed at a fine of $100 each.

After unsuccessful motions for a new trial and in arrest of judgment, defendants appealed.

No bill of exceptions was filed in this cause. The defendants are not represented in this court. There being no error apparent of record, we can but affirm the judgment. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.